389 So.2d 908 (1980)
Anthony GENUSA, Jr., on behalf of his minor son, Anthony Genusa, III
v.
HOLY CROSS COLLEGE, INC.
No. 11284.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Bach & Wasserman, New Orleans, for plaintiff-appellee.
Talley, Anthony, Hughes & Knight, Charles M. Hughes, and R. Bradley Lewis, Bogalusa, for defendant-appellant.
Before CHEHARDY, BARRY and SARTAIN, JJ.
BARRY, Judge.
Anthony Genusa III was in his junior year at Holy Cross High School during the 1978-79 school term and a member of its wrestling team in his sophomore and junior years. In January, 1979 Genusa was suspended from Holy Cross for disciplinary reasons unrelated to athletics.
*909 Genusa transferred to East Jefferson High to complete his junior year with the intention of returning to Holy Cross to complete his senior year and graduate with his classmates in May, 1980. Genusa was readmitted to Holy Cross in September, 1979 but denied participation on the wrestling team pursuant to a letter from the Commissioner of the Louisiana High School Athletic Association (LHSAA). Genusa's ineligibility resulted from a provision in the bylaws of the LHSAA known as the "transfer rule" which provides:
Art. 1, Sec. 8. Transfer Rule
Rule 1-No student who enrolls in one school and later transfers to, or enrolls in another, shall be eligible to represent the latter school in any athletic contest.
Genusa's father filed suit on constitutional grounds asking for injunctive relief prohibiting Holy Cross from application of the rule as it pertained to his son. An amended petition was filed joining LHSAA as a co-defendant and asking for a declaratory judgment that the transfer rule constitutes an abridgement of the equal protection guarantees of both our state and federal constitutions.
On November 15, 1979 the District Court found the transfer rule unconstitutional and permanently enjoined Holy Cross and LHSAA from enforcing it.
Plaintiff's constitutional attack charges that the rule is vague, ambiguous, and constitutes a denial of equal protection of the laws as prohibited by the Louisiana Constitution, Art. 1, Sec. 3, and the United States Constitution, Amendment XIV.
Plaintiff relies heavily on Walsh v. Louisiana High School Athletic Ass'n, 428 F.Supp. 1261 (D.C.1977) which held that the transfer rule was unconstitutional as applied in Orleans Parish. However, this authority has vanished after being overruled by the Fifth Circuit Court of Appeal. Walsh v. Louisiana High Sch. Athletic Ass'n, 616 F.2d 152 (1980). The Fifth Circuit held that the transfer rule did not violate due process or equal protection as administered in Orleans Parish.
The purpose of the transfer rule is prophylactic in nature; without it high schools would be free to recruit athletes with a laissez-faire attitude. It protects the integrity of athletic programs and prevents transgressions by unscrupulous participants. The rule saw light in 1920 and has been applied equally to all LHSAA member schools.
The good intent of the rule is evident. Our concern is the constitutionality of its application to plaintiff's son. The rule was subject to constitutional attack in Chabert v. Louisiana High School Athletic Ass'n, 323 So.2d 774 (La., 1975) on grounds of denial of equal protection. The Supreme Court cited Parish v. National Collegiate Athletic Association, 506 F.2d 1028 (5th Cir. 1975) which held that equal protection was not violated even though the application of the rule may produce seemingly unreasonable results in certain situations. The Chabert court went on to say that:
"As long as the rule is uniformly applied and not arbitrary, and related rationally to a legitimate governmental interest, that rule cannot be said to violate the guarantee of equal protection of the law. (Cited case omitted) Such is the case with the LHSAA's transfer rule." Chabert, p. 780.
Plaintiff does not and cannot argue that any other student similarly situated was treated differently than his son. We fail to find any violation of the equal protection provisions of our state or federal constitutions.
Plaintiff also alleged unconstitutionality on the basis the transfer rule is vague and ambiguous. Our reading shows the language to be precise, explicit and unconditional; to conclude otherwise would be to ignore the simplistic language.
The trial judge issued copious reasons for judgment and acknowledged his philosophical conflict with Chabert, supra. The lower court judgment flies directly into the core of our highest court's pronouncement in Chabert. The federal appellate pronouncement in Walsh, supra, magnifies the obvious abuse of discretion by the District Court.
*910 We therefore hold that the trial judge created reversible error in ruling that Art. 1, Sec. 8 of the by-laws of the Louisiana High School Athletic Association, referred to as the "transfer rule," is unconstitutional. Accordingly, the judgment of the District Court is reversed. Costs attributable to this appeal to be borne by plaintiff-appellee.
REVERSED.