GAIDRY, J.
|¡>The plaintiffs, Neal Johansen and Linda Johansen, appeal the judgment of the 19th Judicial District Court dismissing their petition for injunctive relief and damages on the peremptory exception of no cause of action of the defendants, the Louisiana High School Athletic Association, Inc., Tommy Henry, Mac Chauvin, and B.J. Guzzardo. We dismiss the appeal in part as moot, and otherwise affirm in part, reverse in part, and remand the case to the trial court, for the reasons stated below.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs are the parents of Krystin Jo-hansen, a minor enrolled as a student in Maurepas High School in Livingston Parish during the 2001-2002 school year. Krystin participated in interscholastic basketball at that school. Plaintiffs then resided in the community of Maurepas on a 10y¿ acre tract on which their residence, a barn, and dog kennels were situated. In June 2002, plaintiffs purportedly decided to change their residence to St. John the Baptist Parish in order to serve special educational needs of their minor son. They rented an apartment in LaPlace that month, but did not establish it as their residence until September 2002. Plaintiffs *1085 then placed a sign on their Maurepas property, advertising it for sale, and also placed a newspaper advertisement. They left some personal items which could not be moved to their LaPlace apartment due to their condition or size. They also changed their mailing address and discontinued their telephone service in Maure-pas, although Mrs. Johansen continued to use the property in operating a dog breeding kennel. Krystin and her brother were enrolled as students at Reserve Christian School, a private school.
Reserve Christian School is a member of the Louisiana High School Athletic Association, Inc. (the LHSAA). The LHSAA is a nonprofit | ^corporation first organized as an association in 1920. There are presently over 400 member schools, and the LHSAA certifies the eligibility of approximately 70,000 student athletes annually. Although not a state agency, the State of Louisiana has left to the LHSAA the enforcement of the administration of interscholastic athletic competition between its member schools.[1]
Upon enrolling their children at Reserve Christian School, plaintiffs met with the principal to specifically discuss the issue of Krystin’s eligibility to play girls’ varsity basketball under the LHSAA’s transfer rule and its related rule on bona fide changes of residence. Upon reviewing the facts provided by plaintiffs relating to their purported change of residence, the principal advised plaintiffs that he felt plaintiffs were in compliance with those rules.
Thereafter, the LHSAA received a complaint charging Reserve Christian School, as an LHSAA member, with violation of the transfer and bona fide change of residence rules regarding Krystin’s eligibility. The LHSAA retained a private investigator to investigate plaintiffs’ residence status and to conduct surveillance of the Maurepas property. LHSAA assistant commissioners Mac Chauvin and B.J. Guz-zardo undertook further investigation, interviewing the principal and requesting that plaintiffs meet them at the Maurepas property. According to plaintiffs’ petition, the assistant commissioners demanded access to the house in order to search it, with the threat to immediately declare Krystin ineligible to participate in interscholastic athletics if permission was denied. Plaintiffs then consented to their entry into the house, and the assistant commissioners conducted an inspection of the premises.
|4On January 22, 2003, the LHSAA issued an LHSAA Rule Infraction Notification and the ruling of its commissioner, Tommy Henry, that Reserve Christian School violated the LHSAA transfer and bona fide change of residence rules by permitting Krystin to play girls’ varsity basketball. In addition to being placed on administrative probation, the school was fined and assessed the cost of the private investigator, and. forfeited the fifteen games in which Krystin played between October 25, 2002 and December 28, 2002 to the opposing schools.
Reserve Christian School appealed Commissioner Henry’s ruling to the LHSAA executive committee, which conducted a hearing on January 29, 2003. The school and plaintiffs were permitted to present evidence in support of their contention that there was a bona fide change of residence and that the LHSAA’s rules were not violated. The executive committee ultimately upheld Commissioner Henry’s ruling.
On February 5, 2003, plaintiffs instituted the present civil action by filing a petition in the 40th Judicial District Court for the Parish of St. John the Baptist, seeking *1086 injunctive relief and damages based upon the LHSAA’s action. Named as defendants were the LHSAA, Commissioner Henry, Mr. Chauvin, Mr. Guzzardo (hereinafter referred to as “defendants”), and Reserve Christian School.[2] Following the denial of declinatory, dilatory, and peremptory exceptions by that district court, defendants applied for supervisory writs to the Court of Appeals, Fifth Circuit, and that court granted the application, sustaining the declinatory exception raising the | ¡¡objection of improper venue and transferring the action to the 19th Judicial District Court for the Parish of East Baton Rouge.
Following the change in venue, defendants reurged those exceptions which had previously been denied. Following a hearing on December 18, 2003, the trial court sustained the peremptory exception of no cause of action and dismissed plaintiffs’ petition by judgment signed on January 14, 2004. The remaining exceptions were declared moot and dismissed. Plaintiffs now appeal.
REVIEW OF JUDGMENT SUSTAINING PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(4). A trial court’s judgment sustaining the peremptory exception of no cause of action is subject to de novo review by an appellate court, employing the same principles applicable to the trial court’s determination of the exception. Stroscher v. Stroscher, 01-2769, p. 3 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 523.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition’s factual allegations. Id. Generally, no evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. However, Louisiana jurisprudence recognizes an exception to this rule, whereby evidence admitted without objection may be considered by the court, as enlarging the pleadings. Stroscher, 01-2769 at p. 3, 845 So.2d at 523.
For purposes of determining the issues raised by a peremptory exception of no cause of action, the well-pleaded facts in the petition must |r,be accepted as true, and the court must determine if the law affords the plaintiff a remedy under those facts. Id. Any doubts are resolved in favor of the sufficiency of the petition. Id. If two or more causes of action are based on separate and distinct operative facts, the court may sustain the exception in part, while preserving other causes of action sufficiently pleaded. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1242 (La.1993); Hand v. Hand, 99-2420, p. 4 (La.App. 1st Cir.12/20/02), 834 So.2d 619, 622, writ denied, 03-0612 (La.5/2/03), 842 So.2d 1103.
MOOTNESS OF THE INJUNCTIVE RELIEF CLAIM
In their petition, plaintiffs sought to enjoin'the enforcement of the LHSAA’s rules on eligibility to compete in interscholastic athletics, -insofar as such rules affected their daughter. Plaintiffs’ daughter *1087 was midway through her junior year of high school at the time plaintiffs’ petition was filed. Over two years have passed, and the parties do not dispute that Krystin has since graduated. On the record before us, plaintiffs’ claims for injunctive relief are moot. When an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Silliman Private School Corporation v. Shareholder Group, 00-0065, p. 5 (La.App. 1st Cir.2/16/01), 789 So.2d 20, 23, writ denied, 01-0594 (La.3/30/01), 788 So.2d 1194. Accordingly, we dismiss plaintiffs’ appeal in part, to the extent that it seeks injunctive relief. This does not resolve all issues raised in the appeal, however. Plaintiffs have alleged that they and their daughter have sustained damages by reason of the same conduct of the defendants upon which their claims for injunctive relief were based. Thus, we proceed to examine the merits of the trial court’s judgment dismissing those claims for damages.
|7THE DUE PROCESS CLAIM
The transfer rule provides that a student athlete must be enrolled in a school in the LHSAA zone where her parents reside in order to be eligible to play during the first year of that student’s attendance at that school. If the student transfers to a school outside the zone of parents’ residence, then the student is ineligible to play during the first year of attendance at that school. The bona fide change of residence rule, Rule 1.11.11, requires that any change of residence from one zone to another by parents be an actual, bona fide change of permanent residence, in order to avoid the evils of recruiting by schools to obtain unfair advantage over competing schools. Rule 1.11.11. 1.1 provides that two legal residences are not permitted under the rule. Rule 1.11.11.8 also provides that a change of residence made for the purpose of creating eligibility to play is not considered a bona fide change of residence, and the student athlete shall be ineligible to compete at all LHSAA schools for a year. Rule 1.11.11.5 sets out the nonexclusive criteria governing the determination of a bona fide change of permanent residence, including, among other circumstances, (1) the abandonment as a residence and sale or other disposal of the original residence; (2) the removal of all personal belongings and furniture appropriate to the circumstances; and (3) change of mailing address and telephone service.
Plaintiffs contend that their petition adequately sets forth a cause of action for defendants’ violation of the rights of procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and La. Const, art. I, § 2. To prevail on their due process claim, plaintiffs must show the existence of some property or liberty interest which has been adversely affected by state action. Brennan v. Board of Trustees for University of Louisiana Systems, 95-2396, p. 9 (La.App. 1st Cir.3/27/97), 691 So.2d 324, 330. State law defines what constitutes a property interest subject to procedural due process protection. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).
To have a property interest protected by due process, a person must have more than an abstract need or desire for it. He must have a legitimate claim of entitlement to it rather than a unilateral expectation of it. Id. The due process clause of the Fourteenth Amendment does not insulate a citizen from every injury at the hands of the state. Id. In Walsh v. Louisiana High School Athletic Associa *1088 tion, 616 F.2d 152 (5th Cir.1980), the plaintiff parents challenged the LHSAA’s transfer rule. In rejecting the challenge as “outside the protection of due process,” the court squarely held that “[a] student’s interest in participating in a single year of interscholastic athletics amounts to a mere expectation .rather than a constitutionally protected claim of entitlement.” Id. at 159. -
Plaintiffs alleged in their petition that Krystin “had an opportunity for an athletic scholarship to college,” and that defendants’ actions, if upheld, would “preclude her ability to be considered for such scholarship because she will not be playing the sport,” being then a junior. (Emphasis supplied.) The possibility of obtaining a college athletic scholarship based upon participation in high school athletics simply does not constitute such a property interest or right, but rather a “speculative and uncertain” expectation or opportunity. Marino v. Waters, 220 So.2d 802, 806 (La.App. 1st Cir.1969); Sanders v. Louisiana High School Athletic Association, 242 So.2d 19, 28 (La.App. 3rd Cir.1970). See also Indiana High School Athletic Association, Inc. v. Carlberg, 694 N.E.2d 222, 241 n. 26 (Ind.1997).
[9In summary, plaintiffs’ daughter has no procedural or substantive due process right to participate in interscholastic sports regulated by the LHSAA. See Carlberg, 694 N.E.2d at 242.[3] Because a student athlete has no liberty or property interest in participating in interscholastic athletics, plaintiffs • cannot prevail on the merits of their claim that Krystin or they were deprived of due process by reason of her being declared ineligible to compete within the LHSAA system. See Brennan, 95-2396 at p. 9, 691 So.2d at 330. No amendment to the factual allegations of plaintiffs’ petition could cure this fundamental flaw in that purported cause of action. See Hardy v. University Interscholastic League, 759 F.2d 1233, 1235 (5th Cir.1985). Thus, plaintiffs are not entitled under La. C.C.P. art. 934 to amend their petition to attempt to state a violation of due process. See American International Gaming Association, Inc. v. Louisiana Riverboat Gaming Commission, 00-2864, p. 17 (La.App. 1st Cir.9/11/02), 838 So.2d 5, 18. We affirm the trial court’s judgment insofar as it dismisses plaintiffs’ cause of action and claims based upon alleged violations of due process.
THE EQUAL PROTECTION CLAIM
The Fourteenth Amendment and La. Const, art. I, § 3 provide that all persons are entitled to equal protection of *1089 the law, and require that “persons | insimilarly situated receive like treatment.” Whitnell v. Silverman, 95-0112, pp. 9-10 (La.12/6/96), 686 So.2d 23, 29-30. But the equal protection provisions of the federal and state constitutions do not require absolute equality or precisely equal advantages. McCormick v. Hunt, 328 So.2d 140, 142 (La.1976).
The guarantees of equal protection under the federal and state constitutions differ, and therefore usually require separate analysis as to whether each has been violated. Progressive Security Insurance Company v. Foster, 97-2985, p. 17 (La.4/23/98), 711 So.2d 675, 685-86. However, where no fundamental or express constitutional right or “suspect” class (such as race or religion), nor any other enumerated class such as birth, age, sex, culture, or political affiliation, is alleged as the basis for discrimination, the use of another classification is subject to the minimal or lowest level of scrutiny under the guarantees of both constitutions. American International Gaming Association, 00-2864 at p. 15, 838 So.2d at 17. Such a classification is unconstitutional only if proven to be not rationally related to any legitimate state interest. Progressive Security Insurance Company, 97-2985 at pp. 18-19, 711 So.2d at 686.
In Genusa v. Holy Cross College, Inc., 389 So.2d 908, 909 (La.App. 4th Cir.1980), the court described the purpose of the transfer rule:
The purpose of the transfer rule is prophylactic in nature; without it high schools would be free to recruit athletes with a laissez-faire attitude. It protects the integrity of athletic programs and prevents transgressions by unscrupulous participants.
We agree with the observation of the court in Genusa that “[t]he good intent of the rule is evident.” Id. The classification made by the transfer rule and the -bona fide change of residence rule is not arbitrary or inherently suspect, and does not encroach upon a fundamental constitutional right. The 11 Louisiana Supreme Court has previously reached the same conclusion as to the LHSAA’s transfer rule in Chabert v.Louisiana High School Athletic Association, 323 So.2d 774, 779-80 (La.1975).
Although plaintiffs allege in their petition that the defendants, the LHSAA and Commissioner Henry, chose not to enforce the rules “in the case of athletes from Archbishop Shaw High School,” they fail to specifically allege how their daughter was similarly situated to those student athletes or how the alleged disparate treatment was unjustified. Thus, plaintiffs’ petition fails to allege a violation of federal or state equal protection rights. See American International Gaming Association, 00-2864 at pp. 16-17, 838 So.2d at 17. We accordingly affirm the trial court’s judgment in part, insofar as it sustains the peremptory exception of no cause of action as to the equal protection claim. However, we reverse in part and remand this matter to the trial court for the purpose of allowing-plaintiffs to amend their petition to state a cause of action for violation of equal protection of the law. Id., 00-2864 at p. 17, 838 So.2d at 18.
THE UNREASONABLE SEARCH, INVASION OF PRIVACY, AND RIGHT TO TRAVEL CLAIMS
Plaintiffs allege in their petition that the LHSAA “hired a private- investigator to investigate the plaintiffs and their family and [enter] onto the premises in Maurepas uninvited and [conduct] searches on the premises and otherwise [invade] the privacy of the plaintiffs by putting them under surveillance without any authority.” They further allege that *1090 during the search of the Maurepas house, supposedly conducted with consent given under duress, Mr. Chauvin and Mr. Guz-zardo “pulled out drawers and threw things around in the house.” Based upon those alleged facts, plaintiffs [^contend that their constitutional right to privacy was violated, thereby entitling them to damages.
Article I, § 5 of the Louisiana Constitution provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
However, the protection extended by Article I, § 5 does not extend so far as to protect private citizens against the actions of private parties. Brennan, 95-2396 at p. 7, 691 So.2d at 828. While the LHSAA may be considered a state actor for purposes of review of claims under the Fourteenth Amendment guarantees of due process and equal protection, we cannot conclude that it should be treated as a state actor for purposes of claims under the guarantee against unreasonable searches and seizures of the Fourth Amendment and La. Const, art. I, § 5. See Walsh, 616 F.2d at 156 (While the LHSAA’s conduct constitutes state action for purposes of judicial review of Fourteenth Amendment claims, the LHSAA is nevertheless a private “person,” as opposed to a governing body, for purposes of a civil rights action under 42 U.S.C. § 1983.) Its actions in investigating and enforcing its internal regulations are clearly not conducted under color of state law, nor with the compelling weight and authority of the state behind them, as in the case of criminal law enforcement.[4]
| ^Plaintiffs’ claim that their family’s fundamental constitutional right to travel freely was violated plainly has no merit, and plaintiffs’ petition fails to state a cause of action against defendants for violation of such right. The fundamental right of travel upon which plaintiffs’ claim rests is a guarantee of interstate travel, not intrastate travel. Bray v. Alexandria Women’s Health Clinic, 506 U.S. 263, 276-77, 113 S.Ct. 753, 763, 122 L.Ed.2d 34 (1993). And even if a right to intrastate travel exists under our state constitution, plaintiffs’ allegations demonstrate that plaintiffs were free to change their residence, and in fact plaintiffs assert that they actually did so. The mere fact that the purported change in their residence might not have qualified as a bona fide change for purposes of the LHSAA’s rules and carried consequences affecting Krystin’s eligibility to participate in high school interscholastic athletics plainly does not rise to constitutional magnitude. Even the fundamental right to vote, the foundation of our democratic society, may be reasonably limited by statutory standards on bona fide residence and duration of residence.
The foregoing conclusions do not mean, however, that plaintiffs cannot *1091 properly state a cause of action for invasion of privacy against the LHSAA and the other defendants under Louisiana delictual law. Since 1905, Louisiana has recognized a civil cause of action for invasion of privacy. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388-89 (La.1979). The right to privacy has been defined in Louisiana as “the right to be let alone” and “the right to an inviolate personality.” Id. at 1388. A violation of such right by another may be actionable in tort. Id. An actionable invasion of privacy occurs only when the defendant’s conduct is unreasonable and seriously interferes with the plaintiffs privacy interest. Id. at 1389. Plaintiffs have sufficiently alleged facts supporting a delictual |ucause of action for violation of privacy, and the trial court erred in sustaining the peremptory exception of no cause of action as to that claim, and dismissing the claim. Its judgment is reversed in part in that regard, and the case remanded for further proceedings.
DECREE
The appeal of the plaintiffs-appellants, Neal Johansen and Linda Johansen, in their individual and representative capacities, is dismissed in part as moot as to plaintiffs’ claims for injunctive relief. The judgment of the trial court, sustaining the peremptory exception of no cause of action of the defendants-appellees, the Louisiana High School Athletic Association, Tommy Henry, Mac Chauvin, and B.J. Guzzardo, is affirmed in part insofar as it dismisses the claims of the plaintiffs, Neal Johansen and Linda Johansen, based upon the alleged violation of the constitutional guarantees of due process, freedom from unreasonable searches and seizures, and the right to travel, and insofar as it sustains the exception as to the plaintiffs’ claims based upon the alleged denial of equal protection of the law. The judgment is reversed in part insofar as it dismisses the plaintiffs’ claims based upon the alleged denial of equal protection of the law. The judgment is reversed in part and the exception is hereby overruled in part as to the plaintiffs’ claims for invasion of privacy. The case is remanded to the trial court for further proceedings consistent with this opinion, and the plaintiffs are ordered to amend their petition to state a cause of action for denial of equal protection of the law within thirty (30) days of the date of mailing of the notice of this judgment. The costs of this appeal are to be borne by the plaintiffs and defendants in equal proportions.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED; APPEAL DISMISSED IN PART AS MOOT.
GUIDRY, J., concurs.

. See also 36 U.S.C. § 220526.

. Reserve Christian School never answered plaintiffs’ petition; thus, issue has never been joined between those parties. Although this circumstance results in the trial court's judgment being considered partial in nature under La. C.C.P. art. 1915, “certification” of the judgment as final for purposes of appeal under La. .C-C.P. art. 1915(B) was unnecessary, as it dismisses all other parties from the litigation. La. C.C.P. art. 1915(A)(1); La. C.C.P. art. 1911.

. We particularly commend the cited case for the Indiana Supreme Court’s exhaustive analysis of the constitutional issues raised in connection with the similar transfer rule at issue therein, and its survey of the state of similar litigation throughout the nation. In support of their substantive due process claim, challenging the bona fide change of residence rule as impermissibly vague, plaintiffs cite Dumez v. Louisiana High School Athletic Association, 334 So.2d 494, 502 (La.App. 1st Cir.), writ refused, 337 So.2d 225 (La.1976), in which this court held that an LHSAA rule "must stand the test of clarity” in that regard. Since the rendition of Dumez, however, the United States Supreme Court has further clarified the nature of "those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,” ’ and protected by substantive due process. Washington v. Glucksberg, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 2268, 138 L.Ed.2d 772 (1997). We conclude, as did the Indiana Supreme Court, that participation in interscholastic athletics does not rise to the level of fundamental rights and liberties so essential that "neither liberty not justice would exist if they were sacrificed,” as described in Glucltsberg. Id. See Carlberg, 694 N.E.2d at 243. Insofar as the discussion in Dumez was based upon earlier jurisprudence using a broader definition of substantive due process, it is no longer viable authority as to the issue before us.

. The prohibitions of the United States and Louisiana constitutions against illegal searches and seizures are aimed at governmental conduct rather than the actions of private citizens operating independently of the government or its agents. Allen v. State Board of Dentistry, 543 So.2d 908, 911-12 (La.1989).