GAIDRY, J.
 

 12The parents of a high school athlete appeal a judgment dismissing their petition for injunctive relief and damages on the peremptory exception of lack of subject matter jurisdiction of the defendant, the Louisiana High School Athletic Association, Inc. (the LHSAA). We dismiss the appeal in part as moot, amend the judgment in part, and affirm the judgment as amended, for the reasons stated below.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 The plaintiffs, Creig Menard and Debbie Menard, are the parents of Giles Menard. At the time they instituted this action, Giles was 17 years old and a student at Lafayette High School in Lafayette, Louisiana. Giles transferred to Lafayette High School in January 2008 after previously attending Abbeville High School in Vermilion Parish. While attending Abbeville High School, he played varsity football until he was injured in November 2007.
 

 After Giles began to attend Lafayette High School, a request for a determination of his eligibility to play football for that school was made. On February 25, 2008, the LHSAA ruled that there was not a bona fide change of plaintiffs’ residence under its rules, and that accordingly Giles was ineligible under its “transfer rule” to play football for Lafayette High School during his initial year of attendance, which happened to be his senior year.
 

 Plaintiffs instituted this litigation by filing a petition in Lafayette Parish, seeking a temporary restraining order and further injunctive relief against the LHSAA. In response, the LHSAA filed declinatory, dilatory, and peremptory exceptions. On September 11, 2008, the trial court in Lafayette Parish signed a consent judgment, sustaining the declinatory |3exception on the objection of improper venue, and transferring the action to East Baton Rouge Parish.
 

 Following the change in venue, plaintiffs filed a supplemental and amending petition on October 14, 2008, reiterating their claim for injunctive relief and adding an alternate claim for damages in the event that no injunctive relief was granted allowing Giles to play football during his senior year at Lafayette High School.
 

 The LHSAA’s remaining exceptions were heard on October 21, 2008. Noting that the objection of insufficiency of service of process of the dilatory exception was withdrawn by the LHSAA, the trial court sustained the objection of lack of subject matter jurisdiction and dismissed plaintiffs’ action under the peremptory ex
 
 *793
 
 ception, but pretermitted determination of the remaining objections under the dilatory and peremptory exceptions.
 

 Plaintiffs appeal, contending that the trial court erred in sustaining the objection of lack of subject matter jurisdiction asserted in the LHSAA’s peremptory exception.
 

 DISCUSSION
 

 Injunctive Relief
 

 It is undisputed by the parties that Giles’s senior academic year has ended and that he has graduated from high school. On the record before us, plaintiffs’ claims for injunctive relief are therefore moot.
 
 See Johansen v. La. High Sch. Athletic Ass’n,
 
 04-0937, p. 6 (La.App. 1st Cir.6/29/05), 916 So.2d 1081, 1087. When an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot.
 
 Silliman Private Sch. Corp. v. Shareholder Group,
 
 00-0065, p. 5 (La.App. 1st Cir.2/16/01), 789 So.2d 20, 23,
 
 writ denied,
 
 01-0594 (La.3/30/01), 788 So.2d 1194. Accordingly, we ^dismiss plaintiffs’ appeal in part, to the extent that it seeks injunctive relief. Thus, we proceed to examine the merits of the trial court’s judgment dismissing plaintiffs’ remaining claims for damages based upon lack of subject matter jurisdiction.
 

 Subject Matter Jurisdiction
 

 Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
 

 Plaintiffs challenge the substance of the transfer rule, the LHSAA’s interpretation of the rule as applied to the underlying facts, and its conclusion under the rule that Giles’s residence in Lafayette was not the result of a bona fide change in residence. The trial court was correct in concluding that it lacked subject matter jurisdiction to determine those issues, which clearly relate to the internal affairs of a voluntary association. As we noted in
 
 Johansen,
 
 04-0937 at p. 12, 916 So.2d at 1090, the LHSAA’s actions in investigating eligibility of student athletes and enforcing its own internal regulations are clearly not conducted under color of state law. In
 
 Johansen,
 
 we also made brief reference to, but did not specifically address, the applicability of 36 U.S.C. § 220526, part of the Amateur Sports Act, 36 U.S.C. § 220501,
 
 et seq. Id.,
 
 04-0937 at p. 3 n. 1, 916 So.2d at 1085 n. 1. 36 U.S.C. § 220526(a) provides, in pertinent part:
 

 An amateur sports organization that conducts amateur athletic competition shall have
 
 exclusive jurisdiction
 
 over that competition if participation is restricted to a specific class of amateur athletes, such as high school students ....
 

 LWe find, as contended by the LHSAA, that 36 U.S.C. § 220526(a) serves to preempt plaintiffs’ claims for damages under Louisiana law relating to Giles’s eligibility to play football under the LHSAA’s rules, including the transfer rule, and deprived the trial court of subject matter jurisdiction regarding the merits, interpretation, and enforcement of the LHSAA’s internal rules and regulations.
 
 See Slaney v. Internat’l Amateur Athletic Fed’n,
 
 244 F.3d 580, 594-96 (7th Cir.2001), and
 
 Lee v. U.S. Taekwondo Union,
 
 331 F.Supp.2d 1252, 1255-59 (D.Ct.Haw.2004).
 

 However, we disagree with the trial court’s conclusion that it lacked subject
 
 *794
 
 matter jurisdiction to determine the viability and merits of plaintiffs’ claims for damages for deprivation of constitutional rights.
 
 See Chabert v. La. High Sch. Athletic Ass’n,
 
 323 So.2d 774, 777-78 (La.1975).
 
 See also Niles v. University Interscholastic League,
 
 715 F.2d 1027, 1029-30 (5th Cir.1983). In that respect, the trial court erred insofar as it dismissed those claims on the objection of lack of subject matter jurisdiction. However, for reasons similar to those articulated by the trial court in its oral reasons for judgment, we conclude that the LHSAA’s objection of no cause of action in its peremptory exception had merit. Accordingly, we notice the failure to state a cause of action on our own motion, as authorized by La. C.C.P. art. 927(B), and sustain the peremptory exception on that basis, as explained below.
 

 Due Process
 

 To prevail on their due process claim, plaintiffs must show the existence of some property or liberty interest which has been adversely affected by state action.
 
 Brennan v. Bd. of Trustees for Univ. of La. Sys.,
 
 95-2396, p. 9 (La.App. 1st Cir.3/27/97), 691 So.2d 324, 330. In some circumstances and for some purposes, a private organization or association | ^organizing and regulating public school activities, including athletic competition, may be considered a “state actor.”
 
 See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass’n,
 
 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001), and
 
 La. High Sch. Athletic Ass’n v. St. Augustine High Sch.,
 
 396 F.2d 224, 227 (5th Cir.1968).
 

 State law defines what constitutes a property interest subject to procedural due process protection.
 
 Board of Regents of State Colleges v. Roth,
 
 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). To have a property interest protected by due process, a person must have more than an abstract need or desire for it. He must have a legitimate claim of entitlement to it rather than a unilateral expectation of it.
 
 Id.
 
 The due process clause of the Fourteenth Amendment does not insulate a citizen from every injury at the hands of the state.
 
 Mitchell v. La. High Sch. Athletic Ass’n,
 
 430 F.2d 1155, 1157-58 (5th Cir.1970). In
 
 Walsh v. La. High Sch. Athletic Ass’n,
 
 616 F.2d 152 (5th Cir.1980), the plaintiff parents challenged the LHSAA’s transfer rule. In rejecting the challenge as “outside the protection of due process,” the court squarely held that “[a] student’s interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement.”
 
 Id.
 
 at 159-60.
 

 In their petition, plaintiffs alleged that “Giles is an outstanding athlete and will probably be awarded an athletic scholarship to play football in college should [he] be allowed to play football.” The possibility of obtaining a college athletic scholarship based upon participation in high school athletics simply does not constitute a property interest or right protected by due process, but rather a speculative and uncertain expectation or opportunity.
 
 Johansen,
 
 04-0937 at p. 8, 916 So.2d at 1088;
 
 Marino v. Waters,
 
 220 So.2d 802, 806 (La.App. 1st Cir.1969);
 
 Sanders v. La. High Sch. Athletic Ass’n,
 
 242 So.2d 19, 28 (La.App. 3rd Cir.1970).
 
 See also Ind. High Sch. Athletic Ass’n, Inc. v. Carlberg,
 
 694 N.E.2d 222, 241 n. 26 (Ind.1997).
 

 The United States Supreme Court has clarified the nature of “those fundamental rights and liberties which are, objectively, ‘deeply rooted in this Nation’s history and tradition,”’ and protected by substantive due process.
 
 Washington v. Glucksberg,
 
 521 U.S. 702, 720-21, 117 S.Ct. 2258, 2268, 138 L.Ed.2d 772 (1997). Participation in interscholastic athletics does not rise to the level of fundamental rights and liberties so essential that “neither liberty nor
 
 *795
 
 justice would exist if they were sacrificed,” as described in
 
 Glucksberg. Id. See Johansen,
 
 04-0937 at p. 9 n. 3, 916 So.2d at 1088 n. 3, citing
 
 Carlberg,
 
 694 N.E. at 242.
 

 In summary, plaintiffs’ son had no procedural or substantive due process right to participate in interscholastic sports regulated by the LHSAA.
 
 See Johansen,
 
 04-0937 at p. 9, 916 So.2d at 1088. Because a student athlete has no liberty or property interest in participating in interscholastic athletics, plaintiffs cannot prevail on the merits of their claim that either Giles or they were deprived of due process by reason of his being declared ineligible to compete within the LHSAA system.
 
 See Brennan,
 
 95-2396 at p. 9, 691 So.2d at 330. As we held in
 
 Johansen,
 
 no amendment to the factual allegations of plaintiffs’ petition could cure this fundamental flaw in that purported cause of action. Thus, plaintiffs are not entitled under La. C.C.P. art. 934 to amend their petition to attempt to state a violation of due process.
 
 See Johansen,
 
 04-0937 at p. 9, 916 So.2d at 1088, and
 
 American Int’l Gaming Ass’n, Inc. v. La. Riverboat Gaming Comm’n,
 
 00-2864, p. 17 (La.App. 1st Cir.9/11/02), 838 So.2d 5, 18.
 

 |
 
 ¡¡Equal Protection of the Law
 

 The Fourteenth Amendment of the U.S. Constitution and La. Const, art. I, § 3 provide that all persons are entitled to equal protection of the law, and require that “persons similarly situated receive like treatment.”
 
 Whitnell v. Silverman,
 
 95-0112, pp. 9-10 (La.12/6/96), 686 So.2d 23, 29-30. But the equal protection provisions of the federal and state constitutions do not require absolute equality or precisely equal advantages.
 
 McCormick v. Hunt,
 
 328 So.2d 140, 142 (La.1976).
 

 The guarantees of equal protection under the federal and state constitutions differ, and therefore usually require separate analysis as to whether each has been violated.
 
 Progressive Sec. Ins. Co. v. Foster,
 
 97-2985, p. 17 (La.4/23/98), 711 So.2d 675, 685-86. However, where no fundamental or express constitutional right or “suspect” class (such as race or religion), nor any other enumerated class such as birth, age, sex, culture, or political affiliation, is alleged as the basis for discrimination, the use of another classification is subject to the minimal or lowest level of scrutiny under the guarantees of both constitutions.
 
 American Int’l Gaming Ass’n,
 
 00-2864 at p. 15, 838 So.2d at 17. Such a classification is unconstitutional only if proven to be not rationally related to any legitimate state interest.
 
 Progressive Sec. Ins. Co.,
 
 97-2985 at pp. 18-19, 711 So.2d at 686.
 

 In
 
 Genusa v. Holy Cross College, Inc.,
 
 389 So.2d 908, 909 (La.App. 4th Cir.1980), the purpose of the transfer rule was described:
 

 The purpose of the transfer rule is prophylactic in nature; without it high schools would be free to recruit athletes with a laissez-faire attitude. It protects the integrity of athletic programs and prevents transgressions by unscrupulous participants.
 

 As we did in
 
 Johansen,
 
 we agree with the observation of the court in
 
 Genusa
 
 that “[t]he good intent of the rule is evident.”
 
 Id.
 
 The classification made by |9the transfer rule and the bona fide change of residence rule is not arbitrary or inherently suspect, and does not encroach upon a fundamental constitutional right.
 
 See Johansen,
 
 04-0937 at p. 10, 916 So.2d at 1089, and
 
 Chabert,
 
 323 So.2d at 779-80.
 

 As emphasized by the LHSAA, plaintiffs’ petition fails to set forth any factual basis for a violation of federal or state equal protection rights.
 
 See American Int’l Gaming Ass’n,
 
 00-2864 at pp. 16-17, 838 So.2d at 17. Our review of the pleadings, the record, and the parties’ briefs discloses no possible grounds supporting plaintiffs’ conclusory assertion of violation
 
 *796
 
 of equal protection rights. Indeed, plaintiffs’ brief on appeal does not set forth any substantive argument relating to equal protection, as opposed to due process. We conclude, in our considered discretion, that the grounds of the objection of no cause of action for violation of equal protection rights cannot conceivably be removed by amendment of the petition under La. C.C.P. art. 934.
 
 See, e.g., Johnson v. State,
 
 06-2024, p. 11 n. 2 (La.App. 1st Cir.6/8/07), 965 So.2d 866, 872 n. 2,
 
 writ denied,
 
 07-1784 (La.11/9/07), 967 So.2d 507. We accordingly affirm the trial court’s judgment, as amended, as we sustain the objection of no cause of action raised in the peremptory exception as to the equal protection claim.
 

 DECREE
 

 The appeal of the plaintiffs-appellants, Creig Menard and Debbie Menard, is dismissed in part as moot with regard to the claims for injunctive relief. The judgment of the trial court is affirmed in part insofar as it sustained the objection of lack of subject matter jurisdiction of plaintiffs’ claims for damages under Louisiana law relating to the substance, interpretation, and enforcement of the internal rules of the defendant-appellee, the Louisiana High School Athletic Association. The judgment is |inamended in part to sustain the objection of no cause of action of the peremptory exception as to the plaintiffs’ remaining claims, and, as amended, the judgment of dismissal is affirmed. All costs of this appeal are assessed to the plaintiffs-appellants.
 

 APPEAL DISMISSED IN PART AS MOOT; JUDGMENT AFFIRMED IN PART AND AMENDED IN PART ON COURT’S MOTION, AND, AS AMENDED, AFFIRMED.