STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0762 R

CHRISTIAN SCHOOLS, INC.
D/B/A JOHN CURTIS CHRISTIAN SCHOOL

VERSUS

LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION,
EDDIE BONINE AND B. J. GUZZARDO, JR.

*Judgment Rendered:*

MAY 1 8 2022

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 654874

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * * *

Gilbert V. Andry, IV
New Orleans, Louisiana

Walter M. Sanchez
Lake Charles, Louisiana

Everett R. Rineran
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Christian Schools, Inc. d/b/a
John Curtis Christian School

Mark D. Boyer
Diana L. Tonagel
Denham Springs, Louisiana

Counsel for Defendants/Appellees
Louisiana High School Athletic
Association, Eddie Bonine and
B. J. Guzzardo, Jr.

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

This appeal, involving a judgment dismissing the plaintiff's suit on exceptions of lack of subject matter jurisdiction and no cause of action, is before us on remand from the supreme court. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Christian Schools, Inc., d/b/a John Curtis Christian School ("John Curtis"), filed a suit for damages against the Louisiana High School Athletic Association, Inc. ("LHSAA"), LHSAA Executive Director Eddie Bonine, and LHSAA employee Buster John Guzzardo, Jr. (collectively "the LHSAA defendants"), on January 30, 2017. This suit arose from a determination by the LHSAA that John Curtis had violated LHSAA rules on recruiting and the resulting imposition of penalties.[1] In its petition, John Curtis alleged that the LHSAA defendants "intentionally and or negligently punish[ed], defame[d] and violate[d] the due process and equal protection rights of John Curtis Christian School." In addition to monetary damages, John Curtis sought to have the trial court overturn the LHSAA's finding that a recruiting violation occurred and reinstate its forfeited football wins.

The LHSAA defendants raised an exception of lack of subject matter jurisdiction in their answer to the petition, noting that under applicable jurisprudence, the trial court lacks subject matter jurisdiction over the claims asserted in John Curtis's petition, and seeking dismissal of the entire suit with prejudice. The LHSAA defendants also filed an exception of no cause of action with regard to John Curtis's claims for violation of its due process and equal protection rights.

---

[1] The factual basis for the LHSAA's conclusion that a recruiting violation occurred was that an athlete was allowed to live with a John Curtis assistant football coach while the athlete attended John Curtis and participated on the varsity football team. John Curtis alleged that as a result of the LHSAA's ruling that it committed a recruiting violation, John Curtis was forced to forfeit twenty football wins, including the 2013 LHSAA State Championship, and a monetary fine was imposed.

2

John Curtis filed a supplemental and amending petition, in which it alleged that the trial court had subject matter jurisdiction over its tort claims because the LHSAA breached its duty to govern or administer athletic events, in which its members (such as John Curtis) participate, in a reasonably prudent way. John Curtis further alleged that the trial court had subject matter jurisdiction over "constitutional issues presented by this fact pattern to the extent that [the LHSAA's] actions or inactions are in violation of Constitutional or statute provisions."

Following the filing of John Curtis's supplemental and amending petition, the LHSAA defendants reurged their exceptions of lack of subject matter jurisdiction and no cause of action and moved to have the exceptions set for hearing. A hearing was held on the exceptions, as well as a motion for partial summary judgment filed by John Curtis, on December 9, 2019. After taking the matter under advisement, the trial court rendered a judgment on January 14, 2020, noting that the "LHSAA is a private organization, not a public body, and . . . there is no jurisdiction to interfere with the internal proceedings of the LHSAA," and further that "John Curtis'[s] pleadings fail to set forth a due process claim under color of state action or law, or any fundamental or express constitutional right, state or federal, allegedly violated by LHSAA as the basis for a cause of action or subject matter jurisdiction upon which this Court may grant relief." The trial court sustained both exceptions and dismissed John Curtis's suit with prejudice "for lack of jurisdiction and failure to state a cause of action." John Curtis appealed.

On appeal, John Curtis raised two assignments of error, both of which concern the trial court's conclusion that John Curtis failed to state a cause of action. In its first assignment of error, John Curtis argued that the trial court erred in sustaining the exceptions because John Curtis "state[d] a cause of action based on the arbitrary and capricious, bad faith conduct of the LHSAA that was ultra

3

vires under its own rules, and which fell below the standard of care for its members." In its second assignment of error, John Curtis alleged that the trial court erred in finding that it had "failed to state a cause of action against the individual defendants, Eddie [Bonine] and B.J. Guzzardo, Jr., for breach of their fiduciary duties under the Louisiana Non-Profit Act and for defamation." John Curtis failed to raise or brief any assignment of error with respect to the trial court's sustaining of the exception of lack of subject matter jurisdiction. *Christian Schools, Inc. v. Louisiana High School Athletic Association*, 20-0762, pp. 3-4 (La.App. 1 Cir. 2/19/21), 320 So.3d 1164, 1166, *reh'g denied* (Apr. 16, 2021).

Noting that this court only reviews issues raised on appeal, and further noting that all assignments of error and issues for review must be briefed, this court concluded that the propriety of the trial court's ruling on the exception of lack of subject matter jurisdiction was not properly before us. Furthermore, as a result of John Curtis's failure to seek reversal of the sustaining of the exception of lack of subject matter jurisdiction, we concluded that its assignments of error concerning the exception of no cause of action have been deprived of any legal significance and are moot. For these reasons, we affirmed the judgment of the trial court. *Christian Schools, Inc.*, 20-0762 at p. 5, 320 So.3d at 1167. John Curtis filed an application for a writ of certiorari, which was granted, and the supreme court remanded the matter "with instructions to address whether the district court erred in sustaining the defendants' . . . exceptions of lack of subject matter jurisdiction and no cause of action." *Christian Schools, Inc. v. Louisiana High School Athletic Association*, 21-00686 (La. 10/05/21), 325 So.3d 359 (per curiam).

## DISCUSSION

*Subject Matter Jurisdiction*

Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of

4

the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. See La. C.C.P. art. 3; *Firestone Polymers, LLC v. Louisiana Department of Environmental Quality*, 19-0283, p. 4 (La.App. 1 Cir. 11/15/19), 291 So.3d 228, 232, *writ denied*, 20-00131 (La. 3/9/20), 294 So.3d 482. Generally, a district court shall have original jurisdiction over all civil and criminal matters and shall have appellate jurisdiction as provided by law. La. Const, art. V, § 16.

An objection to the lack of subject matter jurisdiction is raised by a declinatory exception. La. C.C.P. art. 925A(6). At the hearing on the declinatory exception, evidence may be introduced to support or controvert the objection, when the grounds thereof do not appear from the petition. See La. C.C.P. art. 930. Where, as in the present case, no evidence is introduced at the hearing on the exception, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. However, this rule applies only to properly pled material allegations of fact; the court is not required to accept conclusory allegations or allegations of law as true for purposes of the exception. *Beasley v. Nezi, LLC*, 16-1080, p. 4 (La.App. 1 Cir. 9/8/17), 227 So.3d 308, 311-12. The district court's determination of whether it has subject matter jurisdiction over a case is subject to de novo review. *Louisiana Environmental Action Network, Inc. v. Louisiana Department of Environmental Quality*, 2019-1551, p. 8 (La.App. 1 Cir. 9/23/20), 314 So.3d 841, 848.

The Amateur Sports Act, 36 U.S.C. § 220501, et seq., provides that an amateur sports organization[2] that conducts amateur athletic competition shall have exclusive jurisdiction over that competition if participation is restricted to a

---

[2] The Amateur Sports Act defines "amateur sports organization" as "a not-for-profit corporation, association, or other group organized in the United States that sponsors or arranges an amateur athletic competition." 36 U.S.C. § 220501(b)(3).

5

specific class of amateur athletes, such as high school students, college students, members of the Armed Forces, or similar groups or categories. 36 U.S.C. 220526(a). The LHSAA is an amateur sports organization as provided for in the Amateur Sports Act. See *Menard v. Louisiana High School Athletic Association*, 09-0800, pp. 4-5 (La.App. 1 Cir. 12/23/09), 30 So.3d 790, 793, *writ denied*, 10-0169 (La. 4/5/10), 31 So.3d 370.

The LHSAA is a private, nonprofit corporation, whose membership consists of high schools within Louisiana. The member high schools apply and are approved for membership in accordance with the LHSAA's articles of incorporation, constitution, and bylaws. Each school that joins the LHSAA does so voluntarily and is not compelled to join by any state law. *Louisiana High School Athletic Association, Inc. v. State*, 12-1471, p. 2 (La. 1/29/13), 107 So.3d 583, 588.

John Curtis challenges the LHSAA's investigation of the alleged recruiting violation, its finding that a violation occurred, and its imposition of penalties. The trial court has no subject matter jurisdiction to address these issues, which clearly relate to the internal affairs of a voluntary association. See *Menard*, 09-0800 at pp. 4-5, 30 So.3d at 793. The LHSAA's actions in investigating and enforcing its own internal regulations are clearly not conducted under color of state law. *Id.* Further, as this Court has previously noted, 36 U.S.C. § 220526(a) serves to preempt John Curtis's state law claims for damages and deprives the trial court of subject matter jurisdiction regarding the merits, interpretation, and enforcement of the LHSAA's internal rules and regulations. See *Menard*, 09-0800 at pp. 4-5, 30 So.3d at 793. The exception of lack of subject matter jurisdiction was properly sustained with regard to these claims.

The holding in *Menard* did distinguish the plaintiff's claims for damages for deprivation of constitutional rights, holding that subject matter jurisdiction did

6

exist for the trial court to determine the viability and merits of those claims raised in Menard's petition. Thus, the trial court may have subject matter jurisdiction in this matter to the extent the properly pled material allegations of fact in John Curtis's original and amending petitions allege a deprivation of constitutional rights.

In its original petition, John Curtis made only a conclusory allegation, unsupported by any allegations of fact, that Guzzardo and Bonine violated its due process and equal protection rights. Following the filing of the exceptions, John Curtis's First Supplemental and Amending Petition added the following allegation regarding "constitutional issues":

> Also, this Honorable Court has subject matter jurisdiction over constitutional issues presented by this fact pattern to the extent that this association['s] (LHSAA['s]) actions or inactions are in violation of Constitutional or statute provisions. . . . In fact, in *Menard v. LHSAA*, 30 So.3d 790 (La. 1 Cir. 2009)[,] the Louisiana First Circuit Court of Appeal stated that "[t]he trial court was incorrect in concluding that it lacked subject matter jurisdiction to determine those issues, which clearly relate to the internal affairs of a voluntary association." Distilled, this Honorable Court has subject matter jurisdiction.

We are compelled to note John Curtis changed the language of this direct quote from *Menard* in order to suit its purposes. The actual language used by this court in *Menard* was that "[t]he trial court was **correct** in concluding that it lacked subject matter jurisdiction to determine those issues, which clearly relate to the internal affairs of a voluntary association." *Menard*, 09-0800 at p. 4, 30 So.3d at 793 (Emphasis added). Nevertheless, the misquoted language was taken out of context (it actually referred to Menard's tort claims rather than constitutional claims) and is of no consequence to our consideration of whether the trial court has subject matter jurisdiction over John Curtis's constitutional claims.[3]

With regard to the merits of the exception of lack of subject matter jurisdiction, John Curtis's minimal allegations referencing "constitutional issues"

---

[3] John Curtis again misquoted *Menard* in opposition to the LHSAA defendants' reurged exceptions.

are merely conclusory allegations of law, which are not accepted as true for purposes of an exception of lack of subject matter jurisdiction. See *Beasley*, 16-1080 at p. 4, 227 So.3d at 311-12. To the extent that John Curtis's petition and amending petition may state a claim for violation of its constitutional rights to due process and equal protection, subject matter jurisdiction would presumably exist for the court to consider the merits of those claims. However, since we conclude herein that John Curtis's petition and amending petition failed to state a cause of action for violation of its due process and equal protection rights, any such claims were properly dismissed.

*Cause of Action*

The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Calloway v. Lobrano*, 16-1170, p. 4 (La.App 1 Cir. 4/12/17), 218 So.3d 644, 648. For purposes of the exception, the well-pleaded facts in the petition must be accepted as true. *Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc. "Capfund,"* 19-1516, p. 7 (La.App. 1 Cir. 12/30/20), 318 So.3d 939, 944; see La. C.C.P. arts. 927 and 931. Furthermore, the facts shown in any documents annexed to the petition must also be accepted as true. *Dodson & Hooks*, 19-1516 at p. 7, 318 So.3d at 944; see also La. C.C.P. art. 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof."). The burden of demonstrating that no cause of action has been stated is on the party raising the objection. *Dodson & Hooks*, 19-1516 at p. 7, 318 So.3d at 944.

In ruling on an exception of no cause of action, the trial court must determine whether the law affords any relief to the claimant if he were to prove the factual allegations in the petition and annexed documents at a trial. *Adams v. Owens-Corning Fiberglas Corporation*, 04-1296, p. 3 (La.App. 1 Cir. 9/23/05),

921 So.2d 972, 975, writ denied, 05-2501 (La. 4/17/06), 926 So.2d 514. An exception of no cause of action is triable solely on the face of the petition and any annexed documents thereto. See La. C.C.P. art. 931; *Dodson & Hooks*, 19-1516 at p. 8, 318 So.3d at 945. The only documentary evidence that may be considered on an exception of no cause of action is that annexed to the petition, unless the evidence is admitted without objection to enlarge the petition. *Calloway*, 16-1170 at pp. 4-5, 218 So.3d at 648.

In reading a petition to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. *Adams*, 04-1296 at p. 3, 921 So.2d at 975-76. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action has been stated. *Adams*, 04-1296 at p. 3, 921 So.2d at 976. The petition must set forth material facts upon which the cause of action is based. La. C.C.P. art. 891(A); *Lambert v. Riverboat Gaming Enforcement Div.*, 96-1856, p. 4 (La.App. 1 Cir. 12/29/97), 706 So.2d 172, 175. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 15-1260, p. 12 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1016.

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934.

On appeal, the reviewing court conducts a de novo review of a trial court's ruling sustaining an exception of no cause of action, since the exception raises a question of law. *Adams*, 04-1296 at p. 4, 921 So.2d at 976.

John Curtis's allegations regarding the alleged violation of its constitutional rights were merely the conclusory allegations that Guzzardo and Bonine "took it upon themselves, individually and in their official capacities within the LHSAA, to intentionally and or negligently . . . violate the due process and equal protection rights of John Curtis Christian School, all in the manner set forth herein."

As this court noted in *Menard*, in order to prevail on a due process claim, a plaintiff must show the existence of some property or liberty interest that has been adversely affected by state action. *Menard*, 09-0800 at p. 5-6, 30 So.3d at 794. To have a property interest protected by due process, a person must have more than an abstract need or desire for it; he must have a legitimate claim of entitlement to it rather than a unilateral expectation of it. This court has held that there is no procedural or substantive due process right to participate in interscholastic athletics regulated by the LHSAA. *Menard*, 09-0800 at pp. 5-7, 30 So.3d at 794-95; *Johansen v. Louisiana High School Athletic Association*, 04-0937, p. 9 (La.App. 1 Cir. 6/29/05), 916 So.2d 1081, 1088. Thus, John Curtis did not allege any property or liberty interest that was adversely affected by state action, and has failed to state a cause of action for violation of its due process rights. The exception of no cause of action was properly sustained as to these claims. Because no property or liberty interest is at stake, no amendment of the factual allegations of John Curtis's petition could cure this fundamental flaw in the purported cause of action. See *Menard*, 09-0800 at p. 7, 30 So.3d at 795; *Johansen*, 04-0937 at p. 9, 916 So.2d at 1088; La. C.C.P. art. 934.

Likewise, John Curtis provided no material facts upon which it based its conclusory allegation that its right to equal protection of the law was violated. John Curtis made no allegations of any fundamental or express constitutional right or "suspect" class or other enumerated class as the basis for discrimination. See *Menard*, 09-0800 at p. 8, 30 So.3d at 795. As such, the use of any other

classification as the basis for discrimination is subject to the minimal or lowest level of scrutiny under the guarantees of the federal and state constitutions. *Id.* Such a classification is unconstitutional only if proven to not be rationally related to any legitimate state interest. *Id.*

The Louisiana Supreme Court has held that prevention of "the evils of recruiting" high school athletes is a legitimate state interest. *Chabert v. Louisiana High School Athletic Association*, 323 So.2d 774, 780 (La. 1975). The LHSAA's rules on recruiting prohibit "the use of undue influence and/or special inducement by anyone connected directly or indirectly with an LHSAA school in an attempt to . . . retain a student at a school for the purpose of participating in interscholastic athletics."[4] Evidence of undue influence or special inducement specifically includes offer or acceptance of room and board, residence, or free transportation, when such is not made available to all applicants who apply to or enroll in the school.[5] The good intent of this rule is evident. The rule is not arbitrary or inherently suspect, nor does it encroach on a fundamental constitutional right. See *Chabert*, 323 So.2d at 779. As such, the plaintiff's petition fails to set forth any factual basis for a violation of its equal protection rights, and the exception of no cause of action was properly granted. See *Menard*, 09-0800 at pp. 8-9, 30 So.3d at 795. Further, we conclude, in our considered discretion, that the grounds for the objection of no cause of action for violation of John Curtis's equal protection rights cannot conceivably be removed by amendment of the petition under La. C.C.P. art. 934. Accordingly, we affirm the trial court's judgment sustaining the exception of no cause of action and dismissing John Curtis's suit with prejudice.

---

[4] *LHSAA Handbook*, Recruiting, Rule 2.1.
[5] *LHSAA Handbook*, Recruiting, Rule 2.2.1.

11

## CONCLUSION

For the reasons set forth herein, the January 14, 2020 judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Christian Schools, Inc., d/b/a John Curtis Christian School.

**AFFIRMED.**