MARVIN, Chief Judge.
In a Louisiana action to enjoin defendants, Eagle Bend and its two partners, from disposing of some 5,000 acres in Mississippi until plaintiff Crowe’s breach of contract claims against those defendants were adjudicated in the trial court, Crowe appeals a judgment denying him a preliminary injunction, while acknowledging that defendants sold the land in Mississippi on the day that the trial court verbally rendered its judgment denying the injunction. The judgment was signed about a month later.
The trial court reasoned that Crowe had other remedies at law to protect his interest. In the trial court, plaintiff did not seek a TRO or the discretionary suspension of any conduct by defendants pending the appeal. CCP Art. 3612.
We grant the motion of defendants to dismiss, as moot, the appeal of the judgment denying the preliminary injunction and do not reach the merits whether that judgment was correct.
MOOTNESS
The purpose of the injunction plaintiff seeks is to prevent specifically threatened future conduct, not to undo or remedy past conduct. If the act sought to be enjoined has been committed, there can be no *1102 ground for an injunction. Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512 (1972). See Mecom v. Mueller, 235 So.2d 597 (La.App. 4th Cir.1970).
We emphasize that plaintiff asserts that he “does not question the fact that [defendants] signed a deed to James W. Smith after [plaintiffs] lis pendens was filed.... [W]hether or not this sale is effective or valid is a question which must be determined by a Mississippi court ...” We, of course, agree with plaintiffs assertions. This record shows that the deed is recorded on the property records in Mississippi. Plaintiff suggests that his lis pendens is also recorded there.
Lis pendens, whether in Mississippi, as we understand it, or in Louisiana, does not prevent one from alienating or encumbering immovable property which may be the subject matter of litigation. The Mississippi lis pendens statutes are similar to Louisiana’s. CCP Arts. 3751-3753; Miss. Code Ann. § 11-47-1, et seq. Plaintiff does not assert he has title to or an encumbrance on the Mississippi properties. See, e.g., Karst v. Fryar, 430 So.2d 318 (La.App. 3d Cir.1983).
In these circumstances, we can neither agree nor disagree with plaintiffs assertions that he “will not be given an opportunity to have a Mississippi court review the effectiveness of [the] sale [of the Mississippi immovable property] in light of the lis pendens he filed unless this court rules that his appeal is not moot.... If the judgment of the trial court ... is reversed, there will be a practical effect [to our ruling]. [Plaintiff] should at least be given the opportunity to have a Mississippi court apply Mississippi law.”
Plaintiff's petition initially prayed first for a “declaratory judgment in rem [sic] against the [Mississippi] properties” and secondly for preliminary and permanent injunctions against defendants enjoining them from disposing of the properties until the trial court “has determined the validity of plaintiffs cause of action ...”
Because the sale which plaintiff sought to enjoin has been consummated and because plaintiff has appealed only the judgment denying him a preliminary injunction, we shall not inquire into the “validity of plaintiffs cause of action” for a “declaratory judgment in rem” affecting Mississippi immovable property.
We simply find that any ruling this court would render would have no practical effect on the efficacy of the sale of the Mississippi properties to Smith which is now complained of by plaintiff. An appeal is moot if an appellate court cannot render a meaningful decision that will afford practical relief. Strickland v. State of Louisiana, through the Office of the Governor, 534 So.2d 956 (La.1988).
We express no opinion as to the correctness of the trial court’s ruling, as to the validity of the deed executed and recorded in Mississippi, as to the lis pendens, or as to the substantive rights of the litigants in any litigation that may be pending or instituted.
DECREE
This appeal, at appellant’s cost, is dismissed as moot.