789 So.2d 20 (2001)
SILLIMAN PRIVATE SCHOOL CORPORATION
v.
SHAREHOLDER GROUP.
No. 2000 CA 0065.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied March 30, 2001.
*21 Robert O. Butler, Jr., St. Francisville, Bob D. Tucker, Baton Rouge, Counsel for Appellee, Silliman Private School Corp.
Charles E. Griffin, St. Francisville, Counsel for Appellant, Shareholder Group.
Before: WHIPPLE, KUHN and DOWNING, JJ.
WHIPPLE, Judge.
This case is before us for a determination of whether the trial court properly denied a request by a group of shareholders of Silliman Private School Corporation for the issuance of a preliminary injunction to prohibit the board of directors and any shareholders from acting upon certain shares of stock, which they contended were invalidly issued. Finding no justiciable issues remaining, and for the following reasons, we dismiss the appeal as moot..

FACTS AND PROCEDURAL HISTORY
This action was initially instituted on August 13, 1999, by Silliman Private School Corporation ("Silliman Corporation"), a non-profit Louisiana Corporation incorporated in 1965, which owns the physical facilities in East Feliciana Parish occupied by the private school "Silliman Institute." Silliman Corporation brought suit against a group of shareholders referred to as the "Shareholder Group," contending that the Shareholder Group was improperly attempting to call a "special meeting" of select shareholders only, scheduled for August 23, 1999. Silliman Corporation further contended that the purported notice of the special meeting was improper and ineffective for call of a special meeting of the shareholders of the corporation. Accordingly, Silliman Corporation sought an order restraining the Shareholder Group from: (1) designating the scheduled meeting as a special meeting of the shareholders of Silliman Corporation; (2) asserting that any action taken at the scheduled meeting was in any way the act or deed of Silliman Corporation; and (3) taking any action at the scheduled meeting, or in reliance on decisions by the participants of the meeting, that may bind or obligate Silliman Corporation or alter or affect Silliman Corporation in any way. Silliman Corporation also sought preliminary and permanent injunctions.
On the same date the petition was filed, the trial court issued a temporary restraining order, prohibiting the board of directors or any shareholder group from *22 conducting any official business on behalf of the corporation or Silliman Institute on any date or from taking any action purporting "to affect the present status quo of the school, staff or policy or which would alter or affect the Silliman Corporation in any way, or the stock of said corporation." The trial court ordered that the TRO remain in effect until a hearing on the matter could be conducted on September 13, 1999.
Thereafter, on August 27, 1999, a group of shareholders, purportedly "including but not limited to" those previously designated as the Shareholder Group (collectively referred to in this opinion as the "Shareholder Group") filed a pleading in the pending proceedings entitled "Petition," naming Silliman Corporation as defendant. Through its petition (or reconventional demand), the Shareholder Group sought a preliminary injunction and declaratory judgment. Specifically, the Shareholder Group contended that 1,000 shares of stock issued in January of 1986 were invalid due to certain irregularities and that, consequently, those shares could not be validly voted. Accordingly, the Shareholder Group sought a preliminary injunction, enjoining the board of directors or any shareholders deriving an interest from the allegedly invalid shares from acting on those shares until a determination as to their validity could be made by the trial court. The Shareholder Group's request for a preliminary injunction was also set for hearing on September 13, 1999.[1]
At the scheduled hearing, the parties submitted joint stipulations of fact and presented argument to the court. Following the hearing, the trial court issued written reasons for judgment, finding that the Shareholder Group had failed to meet its burden of establishing the alleged irregularities; that the actions of the board with regard to notice of the January 1986 meeting wherein the additional 1,000 shares were issued had been ratified by the shareholders, despite any deficiencies in the notice given; and that the Shareholder Group had failed to establish a breach of fiduciary duty by the board of directors. Accordingly, the trial court rendered judgment, denying the Shareholder Group's request for a preliminary injunction. From the judgment denying its request for a preliminary injunction, the Shareholder Group appealed, assigning five alleged errors.
On December 13, 2000, while the instant appeal was pending, Silliman Corporation filed a motion to dismiss the appeal. In support of its motion to dismiss, Silliman Corporation contended that the Shareholder Group's appeal of the denial of a preliminary injunction had been rendered moot because: (1) the act sought to be enjoined, i.e., the voting of the challenged shares for election of directors and approval of other matters, had taken place; and (2) the trial court had rendered judgment following trial on the merits, finding the challenged shares to be duly authorized and validly existing and denying the Shareholder Group's request for a permanent injunction.

DISCUSSION
Generally, a party seeking issuance of a preliminary injunction bears the *23 burden of establishing by a preponderance of the evidence a prima facie case. A prima facie showing requires plaintiff to demonstrate that he will prevail on the merits and that irreparable injury or loss will result without the preliminary injunction. Jones v. Board of Ethics for Elected Officials, 97-2686, 97-2854, p. 6 (La.App. 1st Cir.2/20/98), 709 So.2d 841, 845, writs denied, 98-0750 (La.5/8/98), 718 So.2d 433 & 98-0782 (La.5/8/98), 719 So.2d 51.
Where the purpose of the injunctive relief sought is to prevent specifically threatened future conduct and the act sought to be enjoined has been committed, there can be no ground for an injunction. Crowe v. Eagle Bend Development, Partnership, 579 So.2d 1101, 1101-1102 (La. App. 2nd Cir.1991). Likewise, a court of appeal will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. United Companies Lending Corporation v. Hall, 97-2525, p. 4 (La.App. 1 Cir.11/6/98), 722 So.2d 48, 50. An appeal is moot if an appellate court cannot render a meaningful decision that will afford practical relief. Crowe, 579 So.2d at 1102. Thus, when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Holmes v. St. Amant, 550 So.2d 977, 978 (La.App. 5th Cir.1989).
Moreover, a preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. The courts have generally held that a preliminary injunction is designed to preserve the status quo pending a trial of the issues on the merits of the case. State, through Louisiana State Board of Examiners of Psychologists of Department of Health and Human Services v. Atterberry, 95-0391, p. 6 (La.App. 1st. Cir.11/9/95), 664 So.2d 1216, 1220; Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 94-547, p. 4 (La.App. 5th Cir.2/15/95), 652 So.2d 44, 47; Robbins v. State, State Land Office, 97-671, p. 8 (La. App. 3rd Cir.12/17/97), 704 So.2d 961, 965-966, writ denied, 98-0176 (La.3/20/98), 715 So.2d 1214. Accordingly, it has been held that where the trial court renders judgment on the merits on the petition for a permanent injunction, the issue of the preliminary injunction becomes moot. See Palomeque v. Prudhomme, 94-0847, p. 2 (La.App. 4th Cir.2/23/95), 650 So.2d 1264, 1265, aff'd, 95-0725 (La.11/27/95), 664 So.2d 88; Emporia Holding Company, Inc. v. City of New Orleans, 94-1274, 94-1752, 94-1753, p. 1 (La.App. 4th Cir.10/27/94), 644 So.2d 1156, 1157, writ denied, 94-2766 (La.11/29/94), 646 So.2d 406.
In the instant case, while the Shareholder Group concedes that the challenged shares of stock were voted in March of 2000, it contends that a ruling by this court on the issue of the preliminary injunction could prevent those shares from being voted again. Nonetheless, the Shareholder Group does not dispute that a judgment on the merits denying its request for a permanent injunction was rendered by the trial court herein on November 22, 2000. More importantly, the only relief sought by the Shareholder Group in its petition with regard to a preliminary injunction was that a preliminary injunction issue, prohibiting anyone from acting on the disputed shares "until a determination of their validity is made by this Court," meaning the trial court.
Given the purpose to be served by the issuance of a preliminary injunction, the actual relief requested by the Shareholder Group, and the procedural status of the matter before us, we conclude that any action by this court on the issue of whether or not a preliminary injunction, was *24 warranted would be inappropriate. Simply stated, this appeal presents no justiciable controversy and is now moot, given the occurrence of a trial on the merits and the rendition of judgment by the trial court on the issue of the requested permanent injunction. The Shareholder Group's remedy at this point is an appeal of the judgment denying the permanent injunction.

CONCLUSION
For the above and foregoing reasons, the instant appeal filed by the Shareholder Group is hereby dismissed as moot. Costs of this appeal are assessed against the Shareholder Group.
APPEAL DISMISSED.
NOTES
[1] Although not entirely clear from the record, Silliman Corporation asserts that this dispute was precipitated by concern among the Shareholder Group that recent purchasers of the challenged shares might vote those shares in favor of changes in the long-standing admissions policy of Silliman Institute, i.e., to adopt a new policy providing for nondiscriminatory admission standards as set forth in Brumfield v. Dodd, 405 F.Supp. 338 (E.D.La. 1975), a prerequisite to qualification of Silliman graduates for Louisiana's TOPS scholarships and to qualify Silliman Institute for tax-exempt status under Section 501(c)(3) of the Internal Revenue Code.