ARBOR WALK PROPERTY OWNERS ASSOCIATION, INC.
v.
VICTORINE BATTAGLIA WOODSUM.
No. 2007 CA 0980.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
LELAND R. GALLASPY, ATTORNEY FOR PLAINTIFF/APPELLANT ARBOR WALK PROPERTY OWNERS ASSOCIATION, INC.
VICTORINE BATTAGLIA WOODSUM, DEFENDANT/APPELLEE IN PROPER PERSON.
Before CARTER, C.J., PETTIGREW and WELCH, D.
PETTIGREW, J.
Plaintiff, Arbor Walk Properly Owners Association, Inc. (the Association), appeals a trial court judgment denying its request for a preliminary injunction, attorney's fees, and costs. We affirm in part, reverse in part, and remand.

BACKGROUND
Victorine Battaglia Woodsum is the owner of certain immovable property in Arbor Walk Subdivision in St. Tammany Parish. In June 2006, the Association's Architectural Review Committee (the Committee) discovered that Ms. Woodsum was constructing a fence on her property without the prior approval of the Committee, in violation of the subdivision's restrictive covenants. After the Committee notified her of the problem, Ms. Woodsum applied for approval of the construction. However, as Ms. Woodsum sought to build a wooden fence along the rear property line, the Committee refused to give its approval, because such fences were in violation of the subdivision's restrictive covenants.
Despite the Committee's refusal to give its consent, Ms. Woodsum completed construction of the fence. On July 3, 2006, the Committee notified Ms. Woodsum that her fence was not in compliance with the restrictive covenants and demanded that she remove the wooden fence from the property within a week. A second notice demanding the removal of the fence was sent to Ms. Woodsum on July 12, 2006; nevertheless, Ms. Woodsum refused to remove the fence. Therefore, the Association filed a petition for injunction and damages against Ms. Woodsum, seeking preliminary and permanent injunctions ordering the removal or modification of the fence, as well as damages, court costs, and attorney's fees as authorized by the restrictive covenants.
The issue of the preliminary injunction came for hearing on December 18, 2006, at which time the Association requested that the trial court order Ms. Woodsum to remove the fence. The trial court denied the request, indicating that there were other landowners in the subdivision with wooden fences. On January 4, 2007, the trial court signed a judgment denying the request for a preliminary injunction, as well as the Association's request for attorney's fees and costs. This appeal by the Association followed.

DISCUSSION
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction. La. Code Civ. P. art. 3612B. Thus, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. Country Club of Louisiana Property Owners Association, Inc. v. Dornier, 96-0898, p. 2 n.1 (La. App. 1 Cir. 2/14/97), 691 So.2d 142, 144 n.1. However, appellate review of a trial court's ruling on a preliminary injunction is limited. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. Lassalle v. Daniels, 96-0176, p. 5 (La. App. 1 Cir. 5/10/96), 673 So.2d 704, 708, writ denied, 96-1463 (La. 9/20/96), 679 So.2d 435, cert. denied, 519 U.S. 1117, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997).
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought. This must be done by a prima facie showing that the party will prevail on the merits of the case. La. Code Civ. P. art. 3601; Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, XXXX-XXXX, p. 6 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 664. However, pursuant to La. Civ. Code art. 779, building restrictions may be enforced by mandatory and prohibitory injunctions without regard to the limitations of Article 3601. Thus, an injunctive action may be brought by the original subdivider or by landowners in the subdivision without the necessity of showing the ordinary prerequisites to injunctive relief, i.e., proof of irreparable injury, loss, or damage to the landowner. Brier Lake, Inc. v. Jones, 97-2413, p. 8 (La. 4/14/98), 710 So.2d 1054, 1058.
After a review of the record in light of the above principles, we find that the trial court did not abuse its discretion in denying the Association's request for a preliminary injunction. A preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. The courts have generally held that a preliminary injunction is designed to preserve the status quo pending a trial of the issues on the merits of the case. Silliman Private School Corp. v. Shareholder Group, XXXX-XXXX, pp. 5-6 (La. App. 1 Cir. 2/16/01), 789 So.2d 20, 23, writ denied, XXXX-XXXX (La. 3/30/01), 788 So.2d 1194. In this case, construction of the fence was already completed, and a prohibitory preliminary injunction would serve no purpose. Furthermore, an order requiring Ms. Woodsum to remove the fence prior to a full trial on the merits clearly would not merely preserve the status quo pending trial. The hearing before the trial court only addressed the issuance of a preliminary injunction; thus, the question of whether a permanent mandatory injunction should issue is still before the lower court and has not been decided. Since the permanent injunction issue is still before the trial court, the issue of the Association's entitlement to attorney's fees and damages is still before the trial court and should not have been decided in the summary proceeding addressing the preliminary injunction.
Accordingly, we affirm the denial of the preliminary injunction by the trial court, reverse the denial of the Association's claim for attorney's fees, and remand this matter to the trial court for further proceedings at the trial on the merits of the request for a permanent injunction. All costs of this appeal are assessed equally to Arbor Walk Property Owners Association, Inc. and Victorine Battaglia Woodsum.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.