Judge Edwin A. Lombard
This appeal is from the district court judgment granting an exception of no cause of action pertaining to a request for injunctive relief. After review of the record in light of the applicable law and arguments of the parties, the judgment of the district court is affirmed.
Relevant Facts and Procedural History
On October 31, 2017, Timothy L. Jarquin filed a petition for preliminary and permanent injunctive relief, declaratory judgment, and damages against defendants Danny R. Blanks, Barlow J. Cook, James R. Washington, III, and Mary LeBlanc individually and in their capacities as members of Ponchatrain Partners, L.L.C. The plaintiff, also a member of the Ponchatrain Partners, L.L.C., asserted that the defendants intentionally acted contrary to the L.L.C. operating agreement and applicable law, recklessly disregarding his rights and interest through conduct that caused and continues to cause him harm. Specifically, the plaintiff complains that the defendants illegally removed him as manager of their joint business venture at a meeting held on October 2, 2017.[1]
On October 10, 2017, the plaintiff filed suit against the defendants in Jefferson Parish but that suit was dismissed on an Exception of Improper Venue. On October 31, 2017, the plaintiff filed the instant action in Civil District Court for the Parish of Orleans against the defendants (but not the L.L.C), seeking damages and injunctive relief. The defendants responded to the plaintiff's application for injunctive relief, filing numerous exceptions, including the Exception of No Cause of Action at issue in this appeal. The hearing on the exceptions and preliminary injunction, based on verifications and affidavits only (as requested by the plaintiff in his application for injunctive relief) was heard on November 8, 2017. By judgment rendered orally on November 8, 2017, and signed on December 7, 2017, the district court granted the defendant's exception of no cause of action as to the plaintiff's claims for injunctive relief and denied as moot the plaintiff's application for a preliminary injunction.
The plaintiff timely filed this devolutive appeal.
Standard of Review
The denial of a preliminary injunction is reviewed under the abuse of discretion *12 standard. Limousine Livery, Ltd. v. Airport Limousine Service, L.L.C., 2007-1379, p. 5 (La. App. 4 Cir. 3/12/08), 980 So.2d 780, 783 (citations omitted); but see Ellis Const., Inc. v. Vieux Carre Resort Properties, L.L.C., 2005-1109, p. 3 (La. App. 4 Cir. 6/7/06), 934 So.2d 206, 209 ("Appellate courts review a trial court's granting of a preliminary injunction by determining if the trial court committed an error of law or if the granting was manifestly erroneous or clearly wrong." (emphasis added) ).
Applicable Law
To prevail in the district court on a motion for preliminary injunction, an applicant must establish by prima facie evidence that: (1) the injury, loss, or damage suffered in absence of injunction may be irreparable; (2) entitlement to relief sought; and (3) prevailing on the merits of the case is likely. Limousine Livery, supra (citations omitted). Irreparable means an injury that cannot be adequately measured or compensated by money. Limousine Livery, 2017-1379, p. 8, 980 So.2d at 785 (citation omitted). Most notably, preliminary injunctions cannot be used to correct an action that has already taken place, i.e., a "fait accompli" cannot be overturned. Limousine Livery, 2007-1379, p.9 (La. App. 4 Cir. 3/12/08), 980 So.2d at 786 (citation omitted); see also Verdun v. Scallon Bros. Contractors, Inc. 263 La. 1073, 1078, 270 So.2d 512 (1972) ("Injunction may be used to prevent but not to correct a wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done."); Crowe v. Eagle Bend Development, Partnership, 579 So.2d 1101, 1101-1102 (La. App. 2 Cir. 1991) (the purpose of injunction is "to prevent specifically threatened future conduct," not to undo or remedy past conduct; if the act sought to be enjoined has already been committed, there is no ground for an injunction).
Discussion
On appeal, the plaintiff argues that it was error for the district court to conclude that he failed to show irreparable harm because the actions that the defendants took in holding the October meeting and impairing his voting and managerial righters were illegal and contrary to operative agreement governing the partnership. This question, however, goes to the substantive matters of the case. The only issue currently before us is whether the district court abused its discretion in granting the defendants' exception of no cause of action with regard to injunctive relief and dismissing the plaintiff's application for injunctive relief. The pertinent jurisprudence is clear: the purpose of injunctive relief is to prevent future action, not to overturn an action that has already taken place. In this case, the action complained of took place on October 2, 2017. The plaintiff does not dispute that he was notified in advance of the meeting and chose not to attend or seek injunctive relief until more than a week later. Moreover, the action taken which the plaintiff seeks to overturn is his removal as managing partner of the L.L.C. Clearly, reinstatement as managing partner in a business is beyond the parameters of injunctive relief. Therefore, we find no error in the judgment of the trial court granting the defendants' exception and dismissing the plaintiff's application for injunctive relief.
Conclusion
The judgment of the trial court is affirmed.
AFFIRMED.

The plaintiff was given notice that the meeting would take place on September 27, 2017.