TIMOTHY L. JARQUIN     *     NO. 2019-CA-0309

VERSUS     *

    COURT OF APPEAL

DANNY R. BLANKS,     *
INDIVIDUALLY AND IN HIS     FOURTH CIRCUIT
CAPACITY AS A MEMBER     *
AND MANAGER OF     STATE OF LOUISIANA
PONTCHARTRAIN     * * * * * * *
PARTNERS, L.L.C.; BARLOW
J. COOK, INDIVIDUALLY
AND IN HIS CAPACITY AS A
MEMBER OF
PONTCHARTRAIN
PARTNERS, L.L.C.; JAMES R.
WASHINGTON, III,
INDIVIDUALLY AND IN HIS
CAPACITY AS A MEMBER OF
PONTCHARTRAIN
PARTNERS, L.L.C.; AND
MARY LEBLANC,
INDIVIDUALLY AND IN HER
CAPACITY AS DIRECTOR OF
HUMAN RESOURCES OF
PONTCHARTRAIN
PARTNERS, L.L.C.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-10461, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Stephen D. Marx
P.J. Stakelum III
CHEHARDY, SHERMAN. WILLIAMS, RECILE, STAKELUM & HAYES, L.L.P.
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

COUNSEL FOR PLAINTIFF/APPELLEE

Jason R. Anders
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130


COUNSEL FOR DEFENDANT/APPELLANT

**JUDGMENT VACATED,**
**REMANDED FOR FURTHER PROCEEDINGS**
**AUGUST 21, 2019**

Appellant, Pontchartrain Partners, LLC (hereinafter sometimes referred to as "PPLLC"), seeks review of the district court's December 27, 2018 judgment denying its motion to quash, which it filed in response to a request for subpoena *duces tecum* filed by Appellee, Timothy Jarquin.[1] For the reasons that follow, we vacate the judgment of the district court, and remand this matter to the district court for specific findings on the applicability of the attorney-client privilege to the facts of this case.

## BACKGROUND

This matter has been before this Court a number of times to address different issues. The relevant factual background is set forth in this Court's opinion *Jarquin v. Blanks*, 2018-0157 (La.App. 4 Cir. 8/15/18), 254 So.3d 10. Of note, the named defendants in the lawsuit are all members of PPLLC, with James Washington, III, serving as general counsel to the company.

---

[1] A judgment is final and appealable pursuant to La.C.C.P. art. 1841, when it "determines the merits in whole or in part" The judgment at issue determines the merits in whole between Appellant and Appellee.

On December 18, 2017, Appellee filed a request for subpoena *duces tecum* directed to the records custodian of Appellant, a non-party to the litigation. Therein, Appellee requested production of documents and things as described in thirty-five separate paragraphs. Many of the requests specifically name Mr. Washington.

Appellant responded to the subpoena with a motion to quash filed on January 4, 2018. While the motion to quash argued several bases in support of quashal, Appellant briefed only one such basis on appeal; that is, the subpoena calls for the production of records potentially protected by the attorney-client privilege.

The district court held a hearing on the motion on November 30, 2018. At the hearing, the district found that Appellee was entitled to all the documents requested. The judgment was reduced to writing on December 27, 2018.

## STANDARD OF REVIEW

The question of whether an attorney-client relationship exists is a question of fact, and thus subject to manifest error analysis. *Keith v. Keith*, 48,919, pp. 9-10 (La.App. 2 Cir. 5/15/14), 140 So.3d 1202, 1208-09. A trial court's ruling on a motion to quash is reviewed for abuse of discretion. *See Thomas v. Weatherford Int'l*, 463 So.2d 751, 753 (La.App. 4. Cir. 1985).

## ANALYSIS

The existence of an attorney-client relationship turns largely on the client's subjective belief that it exists. *Louisiana State Bar Ass'n v. Bosworth*, 481 So.2d 567, 571 (La. 1986). This Court, in *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-1421, p. 8 (La.App. 4 Cir. 10/10/01), 798 So.2d 1210, 1216, stated:

> To establish attorney-client privilege, several elements must be proven: (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived.

When such a relationship exists, "[c]ommunications between a client and his attorney made with the expectation of confidentiality are protected . . . and cannot be disclosed without the client's permission. *Pitard v. Stillwater Transfer & Storage Co.*, 589 So.2d 1127, 1128 (La.App. 4 Cir. 1991).

In the instant matter, the district court provided no specific factual analysis for ruling that Appellee was entitled to all the information sought in its request for subpoena *duces tecum*. Mr. Washington is specifically named in a number of the requests, and the district court made no finding as to whether those communications involving Mr. Washington were made in his capacity as general counsel, and thus protected by the privilege. Accordingly, it is unclear from the facts presented whether the district court made any specific findings in this regard. Without these findings, we cannot determine whether the district court properly exercised its discretion when it denied the motion to quash. *See Cleco Corp. v. Sansing*, 2009-0806, pp. 1-2 (La. 5/15/09), 8 So.3d 555, 556.

**CONCLUSION**

Based on the foregoing, we vacate the judgment of the district court, and remand this matter to the district court for further proceedings consistent with this opinion.

**JUDGMENT VACATED,**
**REMANDED FOR FURTHER PROCEEDINGS**