| TIMOTHY L. JARQUIN | * | NO. 2019-CA-0737 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| PONTCHARTRAIN | * | |
| PARTNERS, L.L.C. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08626, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown, Judge Dale N. Atkins)

Stephen D. Marx
P.J. Stakelum, III
Meredith E. Chehardy
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES, L.L.P
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

  COUNSEL FOR PLAINTIFF/APPELLEE

Jason R. Anders
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130

  COUNSEL FOR DEFENDANT/APPELLANT

      AFFIRMED
      01/22/2020

Appellant, Pontchartrain Partners, L.L.C. ("PPLLC"), seeks appellate review of the district court's April 24, 2019 judgment granting Appellee's, Timothy Jarquin, petition for writ of mandamus. For the reasons set forth below, we affirm the district court's judgment.

## PROCEDURAL HISTORY

Mr. Jarquin was a board member and a co-manager of PPLLC. On October 2, 2017, Mr. Jarquin was removed by the PPLLC board as co-manager. On October 31, 2017, Mr. Jarquin filed a petition for preliminary and permanent injunctive relief, declaratory judgment, and damages against Danny R. Blanks, Barlow J. Cook, James R. Washington, III, and Mary LeBlanc individually and in their capacities as board members of PPLLC ("Defendants"). Pertinently, Mr. Blanks also served as manager of PPLLC and Mr. Washington, III, served as PPLLC's general counsel. In the petition, Mr. Jarquin complained that Defendants illegally removed him as a co-manager of PPLLC and asserted the board: (1) intentionally acted contrary to the PPLLC's operating agreement and applicable

law; and (2) recklessly disregarded his rights and interest through conduct that caused and continues to cause him harm. PPLLC was not named as a defendant.[1]

In connection with the lawsuit, Mr. Jarquin filed, on December 18, 2017, a subpoena *duces tecum* directed to the records custodian of PPLLC, and requested production of documents and items which were set forth in thirty-five separate paragraphs. *See Jarquin v. Blank,* 19-0309, 2019 WL 3948884, at *1 (La. App. 4 Cir. 8/21/19). Many of the requests were directed to Mr. Washington, III, who served as general counsel to PPLLC. *Id.*

In turn, PPLLC filed a motion to quash the subpoena *duces tecum* on January 4, 2018. A hearing on the motion was held on November 30, 2018. Following, the district court found Mr. Jarquin was entitled to all the documents requested. The judgment, denying PPLLC's motion to quash, was issued on December 27, 2018, and PPLLC appealed in January 2019. On appeal, PPLLC asserted that the subpoena should be quashed only as to requested records that were potentially protected by the attorney-client privilege. This Court agreed and held in pertinent part:

> In the instant matter, the district court provided no specific factual analysis for ruling that Appellee was entitled to all the information sought in its request for subpoena *duces tecum*. Mr. Washington is specifically named in a number of the requests, and the district court made no finding as to whether those communications involving Mr. Washington were made in his capacity as general counsel, and thus protected by the privilege. Accordingly, it is unclear from the facts presented whether the district court made any specific findings in this regard. Without these findings, we cannot determine

---

[1] In *Jarquin v. Blanks*, 18-0157 (La. App. 4 Cir. 8/15/18), 254 So.3d 10, Mr. Jarquin sought appellate review of the trial court's granting of the defendants' exception of no cause of action as to Mr. Jarquin's claim for injunctive relief, and denial of, as moot, Mr. Jarquin's application for a preliminary injunction. The preliminary injunction requested the trial court to overturn Mr. Jarquin's removal as managing partner of PPLLC. This Court affirmed the district court's ruling that dismissed Mr. Jarquin's application for injunctive relief reasoning that "reinstatement as managing partner in a business is beyond the parameters of injunctive relief." *Id.*, 18-0157 at p. 4, 254 So.3d at 12.

> whether the district court properly exercised its discretion when it denied the motion to quash. *See Cleco Corp. v. Sansing*, 2009-0806, pp. 1-2 (La. 5/15/09), 8 So.3d 555, 556.

*Jarquin*, 19-0309 at *2. On rehearing, this Court clarified that it was vacating "that portion of the [district court's] judgment denying the motion to quash despite an arguable claim of attorney-client privilege to the information sought. In all other respects, the original judgment shall stand. . . ." *Id*. at *2. PPLLC sought review by the Supreme Court which was denied. *Jarquin v. Blanks*, 19-01608, 2019 WL 6769310, at *2 (La. 12/10/19).[2]

*The writ of mandamus*

As a board member of the PPLLC, pursuant to La. R.S. 12:1319 which will be discussed *infra*, Mr. Jarquin requested that the company allow him to copy and inspect specific documents. In a letter dated July 26, 2018 to outside counsel for PPLLC, Jason Anders,[3] Mr. Jarquin, through his attorney, wrote:

> As a member of Pontchartrain Partners, LLC, Timothy Jarquin hereby exercises his right, pursuant to LSA R.S. 12:1319B, to inspect and copy certain records of the company.
>
> Specifically, Mr. Jarquin and/or a CPA retained by him to assist with the analysis of those records, request to inspect the following records:
>
> 1. Audited financial statements for 2016 and 2017;
> 2. The detailed general ledger for 2016, 2017 and 2018;
> 3. Interim financial statements for January 1, 2018 to date;
> 4. Federal Tax Returns for 2016 and 2017; and
> 5. All W-2s issued to any employees for 2017 and 2018.

---

[2] As of the date of oral arguments, PPLLC had not complied with this Court's ruling in *Jarquin* 19-0309 at *2, which became final on or about December 16, 2019. La. C.C.P. art. 2166(E).

[3] In his petition for writ of mandamus, Mr. Jarquin alleged that Mr. Anders "represented himself as outside counsel" for PPLLC.

4

Mr. Jarquin requested that the documents be made available for inspection and copying on or before August 15, 2018. On August 13, 2018, Mr. Anders responded to Mr. Jarquin's letter and informed Mr. Jarquin that the records would not be made available aptly explaining:

> In light of your client's actions, the pending litigation, the subpoena *duces tecum* to the Company, and the pending Motion to Quash and Request for Protective Order, the Company does not intend to make the requested records available on or before August 15, 2018. The Company will comply with any valid, final Order of the Court regarding the production of records and its Motion to Quash Subpoena *Duces Tecum* and Notice of Records Deposition and for Protective Order.

Following, on August 18, 2018, Mr. Jarquin filed in the district court a petition for writ of mandamus. Mr. Jarquin asserted that as a board member of PPLLC, pursuant to La. R.S. 12:1319, he had requested to inspect and copy PPLLC's records in the July 26, 2018 letter, and PPLLC "wrongfully refused to comply" with his request. Mr. Jarquin asserted that a writ of mandamus was proper to enforce his rights writing:

> LSA-C.C.P. art. 3864(B) provides that a writ of mandamus may be filed against a limited liability company to compel "the recognition of the rights of the limited liability company's members." In order to enforce Mr. Jarquin's rights as a member of Pontchartrain Partners to inspect the requested records of Pontchartrain Partners, it is necessary that such a writ of mandamus issue forthwith.

On September 25, 2018, Mr. Blanks, as manager of PPLLC, signed a limited liability company resolution of PPLLC which provided that Mr. Jarquin was, as of that date, expelled as a board member.

Following, PPLLC filed opposition to the petition for writ of mandamus asserting that: (1) Mr. Jarquin did not have the right to access its records, as provided for in La. R.S. 12:1319, since he was expelled as a member of PPLLC in September of 2018, by way of a limited liability company resolution passed by a

5

majority of the board members;[4] (2) Mr. Jarquin issued a subpoena to PPLLC for the same records as requested in the writ of mandamus, thus, production of the documents were obtainable by ordinary process; (3) Mr. Jarquin was not entitled to a writ of mandamus when he also sought injunctive relief and a declaratory judgment; and (4) the initial request by letter was improperly served.

A hearing on the writ of mandamus was held on April 12, 2019. The district court, on April 24, 2019, rendered judgment in favor of Mr. Jarquin, granting the writ of mandamus and ordering PPLLC to produce for inspection and copying the following documents:

> 1. Audited financial statements for 2016 and 2017;
> 2. The detailed general ledger for 2016, 2017 and 2018;
> 3. Interim financial statements for January 1, 2018 through July 26, 2018;
> 4. Federal Tax Returns for 2016 and 2017; and
> 5. All W-2s issued to any employees for 2017 and 2018.

From this judgment, PPLLC appeals.

### DISCUSSION

In challenging the district court's judgment, PPLLC assigns four errors: (1) the district court erred in granting the writ of mandamus because Mr. Jarquin is no longer a board member; (2) the district court erred in granting the writ of mandamus ordering production of the documents which were obtainable by ordinary process, and in granting the writ of mandamus when Mr. Jarquin also sought injunctive relief and a declaratory judgment; (3) the writ of mandamus was rendered moot by this Court's opinion in *Jarquin*, 19-0309 at *2; and (4) the initial request for the documents by letter was not properly sent to PPLLC. For the

---

[4] A copy of the resolution was filed in the district court as an exhibit to the opposition memorandum filed by PPLC.

reasons that follow, we conclude that PPLLC's assigned errors lack merit and affirm the district court's judgment.

*Standard of review*

Review of the assigned errors in this case involves a mixture of findings of fact by the district court and interpretation and application of law. In *Commodore v. City of New Orleans*, 19-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So. 3d 457, 465-66, this Court explained the standards to be applied by the appellate court when findings of fact and law are to be determined:

> Generally, an appellate court reviews a trial court's judgment on a writ of mandamus under an abuse of discretion standard. *Lewis v. Morrell*, 2016-1055, p. 5 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, 740 (citing *Hatcher v. Rouse*, 2016-0666, p. 3, n. 2 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 433; *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 2016-0566, p. 12 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037). Also, a trial court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. *St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co.*, 2016-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10. However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Carver v. Louisiana Dep't of Pub. Safety*, 2017-1340, p. 4 (La. 1/30/18), 239 So.3d 226, 230; *St. Bernard Port, Harbor & Terminal Dist.*, 2016-0907, p. 4, 220 So.3d at 10.

*Request for documents, pursuant to La. R.S. 12:1319, as a board member*

PPLLC asserts that Mr. Jarquin is not entitled to the documents pursuant to La. R.S. 12:1319 because he was no longer a board member of PPLC.

Louisiana Revised Statute 12:1319, which is part of the Louisiana Limited Liability Companies Act, provides in pertinent part:

A. Each limited liability company shall keep at its registered office the following:

7

* * *

(2) Copies of records which would enable a member to determine the relative voting rights of the members.

* * *

(4) Copies of the limited liability company's federal and state income tax returns and reports, if any, for the three most recent years.

(5) A copy of any operating agreement which is in writing.

(6) Copies of any financial statements of the limited liability company for the three most recent years.

B. Unless otherwise provided in the articles of organization or an operating agreement, a member may do any of the following:

(1) At the member's own expense, inspect and copy any limited liability company record upon reasonable request during ordinary business hours.

(2) Obtain from time to time upon reasonable demand the following:

(a) True and complete information regarding the state of the business and financial condition of the limited liability company.

(b) Promptly after becoming available, a copy of the limited liability company's federal and state income tax returns for each year.

(c) Other information regarding the affairs of the limited liability company as is just and reasonable.

(3) Demand a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable.

* * *

D. Except as otherwise provided in the articles of organization or an operating agreement, a limited liability company and its members, managers, and agents may recognize and treat a person registered on its records as a member, as such for all purposes, and as the person exclusively entitled to have and to exercise all rights and privileges incident to the ownership of such membership interests. Rights under this Section shall not be affected by any actual or constructive notice which the limited liability company or any of its managers, members, or agents may have to the contrary.

In *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, 15-0064, p. 15 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 760, this Court held that "[a]ccording to the language of La. R.S. 12:1319, the right to obtain and inspect the LLC's records is reserved to

members of the LLC." *See also*, *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506, p. 9 (La. App. 5 Cir. 3/29/17), 216 So.3d 287.

It is undisputed that at the time Mr. Jarquin initially requested the documents, pursuant to La. R.S. 12:1319, in the July 2018 letter and petitioned the district court to enforce his right to inspect and copy the documents, he was a member of PPLLC's board, and the documents sought were limited to the time period in which he was a board member. Moreover, the district court properly rejected PPLLC's argument that Mr. Jarquin was not entitled to the documents pursuant to La. R.S. 12:1319 because he was no longer a board member at the time the hearing on the petition for writ of mandamus was held. As duly noted by the district court, PPLLC "kicked [Mr. Jarquin] out" and then denied him the documents on the basis that he was not a member.

This claim lacks merit.

*Proper means to seek the requested documents*

PPLLC asserts the district court's granting of the writ of mandamus was improper as Mr. Jarquin had ordinary means *via* the subpoena *duces tecum* to seek the documents, and because Mr. Jarquin sought injunctive relief and a declaratory judgment. We disagree.

Mr. Jarquin sought the writ of mandamus in his capacity as a board member of PPLLC pursuant to La. R.S. 12:1319. A mandamus is "a writ directing . . . a limited liability company or a member or manager thereof, to perform *any* of the duties set forth in Articles . . . 3864." La. C.C.P. art. 3861 (emphasis added). Louisiana Code of Civil Procedure Article 3864 pertinently provides that a writ of mandamus may be directed to a limited liability corporation or a member or a manger thereof, to compel the "recognition of the rights of the limited liability

9

company's members." "A mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty to be performed." *State through Morrell v. City of New Orleans through Landrieu*, 17-0110, p. 12 (La. App. 4 Cir. 12/21/17), 234 So.3d 1071, 1079 (citations omitted). In the case *sub judice*, Mr. Jarquin, as a board member of PPLLC, was entitled to inspect and copy the requested documents pursuant to La. R.S. 12:1319, and PPLLC failed to recognize that right.

This claim lacks merit.

*Mootness*

PPLLC's assertion that the granting of the writ of mandamus is moot due to Mr. Jarquin's entitlement to the documents pursuant to the subpoena *duces tecum* also falls short. Mr. Jarquin in his capacity as a board member of PPLLC requested specific documents as allowed under La. R.S. 12:1319, whereas, Mr. Jarquin, in connection with the lawsuit against PPLLC's board members, filed the subpoena *duces tecum.* Although the documents requested in the subpoena *duces tecum* and those ordered to be produced in the writ of mandamus may overlap, Mr. Jarquin is entitled, as a board member of PPLLC, to inspect and copy the requested documents via writ of mandamus pursuant to La. R.S. 12:1319.

This claim lacks merit.

*Improper service of the initial records request*

PPLLC asserts that the July 26, 2018 letter requesting the documents, pursuant to La. R.S. 12:1319, was not properly submitted to PPLLC; thus, the company had discretion to deny the request. We find the district court properly rejected this argument. There is nothing in La. R.S. 12:1319 to support PPLLC's assertion. Furthermore, as set forth *supra*, Mr. Anders, in the August 13, 2018

10

letter, responded on behalf of PPLLC, without noting the alleged improper service, and denied Mr. Jarquin's request to inspect and copy the records under La. R.S. 12:1319.

This claim lacks merit.

## CONCLUSION

Based on the foregoing, we conclude the district court did not err in granting the writ of mandamus. The district court's April 24, 2019 judgment is affirmed.

**AFFIRMED**